JAMES A. DONNELLY

*v.*

STATE OF ILLINOIS.

*Opinion filed December 22, 1916.*

SERVICES—*when State not liable for.* Where a person voluntarily performs services by which the State is benefited, without direct authority, no liability attached for the payment of such services.

ATTORNEY GENERAL—*legal representative of the State.* The Attorney General is the legal representative of the State in all matters.

James A. Donnelly, for Claimant.

P. J. Lucey, Attorney General, for State.

Sarah J. Lace of Cook County, Illinois, was committed to the Kankakee State Hospital as an insane patient in 1895, and remained there until the time of her death, which occurred on or about December 24, 1914. At the time of her commitment, she did not possess any property except a small homestead that was afterward lost through foreclosure of a mortgage.

In 1908, James M. Braschler, conservator of the estate of Sarah J. Lace, collected about Three Thousand and 00/100 ($3,000.00) dollars, for the estate, due to the fact that his ward was an heir of a Mr. Jones, who departed this life in the southern part of Illinois. Shortly after the death of Mrs. Lace, Braschler was appointed administrator of the estate of Mrs. Lace, but he did not act long in that capacity, as he was removed by an order of the County Court, and a son of the deceased was appointed as his successor.

It appears that claimant had been acting as attorney for the conservator, Braschler, but his services came to an end when Braschler was succeeded by Lace as administrator as hereinabove noted.

Claimant realizing that the estate of Sarah J. Lace was indebted to the Kankakee State Hospital, wrote a letter to that institution requesting that he be advised if such a claim existed. The institution forwarded a statement of claim to the claimant, who filed the same against the estate of Sarah J. Lace, deceased, and upon a trial a judgment for $473.00 was entered against the estate.

The attorneys representing the estate, mailed a check for the amount of the judgment, direct to the State Board of Administration.

Claimant presented his bill for $75.00 to the Board of Administration for services rendered in connection with the collection of this claim. Payment was refused, and he was advised that the Board of Administration had not authorized him to act for it, and it further

advised him that the Attorney General of the State represented it in matters of this kind.

Claimant not having received any compensation for his services, filed his claim in this Court to secure an award.

Is the State liable under the facts presented by the record? This is the only question for the Court's consideration.

There is nothing in the record which shows that claimant was employed by any one having authority to bind the State, but on the contrary, it appears that his services were volunteered. This being true, the State is not liable and the claim is accordingly rejected.